ALFRED ALEXANDER v. THE STATE.

No. 864.  Decided December 21, 1910.

Rehearing Denied January 18, 1911.

**1.—Murder—Argument of Counsel—Bill of Exceptions.**

Where, upon appeal from a conviction of murder, the ground of objection to State counsel's argument was not verified as a fact, it cannot be treated as a statement of a fact; besides no special instruction was asked that the argument be ignored; and it also appeared of record that the argument of counsel was well founded.

**2.—Same—Evidence—Bill of Exceptions.**

Where, upon appeal from a conviction of murder, the bill of exceptions failed to show that there was any answer elicited to the question asked the witness, there was no error; besides the jury were instructed not to consider the objectionable matter.

**3.—Same—Charge of Court—Practice on Appeal.**

Where, upon appeal from a conviction of murder, the objection to the court's charge did not point out any particular portion of the charge of the court that was error, the same could not be considered.

**4.—Same—Sufficiency of the Evidence.**

Where upon trial of murder, the State's testimony established an atrocious murder, the conviction assessing the death penalty was sustained.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of murder in the first degree; penalty, death.

The opinion states the case.

*Quitman Finlay,* for appellant.—On question of argument of counsel: McKinley v. State, 52 Texas Crim. Rep., 182; 106 S. W. Rep., 342.

On the question of express malice: Tillery v. State, 24 Texas Crim. App., 251; 5 S. W. Rep., 842; Harris v. State, 50 Texas Crim. Rep., 411; 97 S. W. Rep., 704; id., 50 Texas Crim. Rep., 411; 98 S. W. Rep., 842.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was awarded the death penalty for the murder of Mary Sanders.

1. The following language was used by the assistant county attorney during his opening remarks in his argument to the jury; "Was he (meaning the defendant) being kind and affectionate to Mary (meaning the deceased) when he beat her up and knocked her down at the flying jenny the Saturday night before the murder?" Objection was urged to these remarks because there was no evidence that defendant either knocked deceased down or hit her at the flying jenny on the Saturday night prior to the murder, or otherwise mistreated her at that time. The court approves the bill as follows: "The above is approved with the understanding that the judge immediately instructed the jury not to consider the above remarks." The ground of objection is not verified as a fact and can not be treated as a statement of the fact, nor does the approval of the bill by the court in which the above exception is noted verify the ground of objection as a fact. It is simply a ground of objection without verification. This in connection with the instruction of the court to the jury to disregard the argument relieves the matter of any reason for reversal.

2. Another bill recites the following: The county attorney asked the following question of the witness Rady Alexander: "When you testified that he loved Mary, upon his treatment of her, are you referring to the time near the Y. M. C. A. building there one night he tried to cut her with a knife and was prevented from doing so by a negro by the name of Jordan?" To this question appellant objected, whereupon the court instructed the jury that they should not consider the question nor any answer based upon it. To the

asking of the question appellant excepted in open court because there was no evidence of any such transaction before the court, and the question was asked solely for the purpose of prejudicing the defendant in the eyes of the jury. The bill of exceptions fails to show that there was any answer elicited, and the further fact that the jury were instructed not to consider either the question or any answer that might be given, relieves the record of error in this matter.

3. There is no such complaint of the charge as can be considered. In fact, the only attack made upon the charge is in the following language as the first ground of the motion for new trial, to wit: First, because of errors in the charge of the court. This is too general to require notice. It does not point out any particular portion of the charge of the court that was error, nor assign any reasons why any portion of the charge was erroneous. The other matters relate to questions of fact that are not verified by bills of exception, except the two bills above mentioned.

4. It is contended the evidence is not sufficient to support the conviction. The court, after a careful review of this testimony, has reached the conclusion that it is sufficient; at least we would not to be justified in reversing the judgment for want of sufficient evidence. We are of opinion that it would serve no practical purpose to review the evidence or to state it either substantially or in detail.

As the record presents itself to this court we are of opinion that the case ought to be affirmed, and it is so ordered.

*Affirmed.*

McCord, Judge, absent.

### ON REHEARING.

#### January 18, 1911.

HARPER, JUDGE.—The judgment in this case was affirmed at a former day of this term. We have carefully reread the record, in as much as the jury assessed the death penalty, and given due consideration to the motion for a rehearing.

1. Appellant insists that the remarks of the county attorney, when he stated in his argument, that, "defendant was not kind and affectionate when he beat deceased up and knocked her down Saturday night," in the light of the record, were harmful and instrumental in causing the jury to assess the highest penalty known to the law. The trial judge in approving the bill, states that he instructed the jury not to consider such remarks. This has been frequently held by this court not to be a ground for reversal, and especially so when appellant presented the court with no special charge governing the matter. In the case of Garner v. State, 24 S. W. Rep., 420, the court holds that defendant can not complain of objectionable remarks of the prosecuting attorney if a special charge was not asked for the jury to disregard them, citing numerous authorities. Again, in the record

we find that on that Saturday, at the carnival grounds, appellant did so mistreat deceased as to cause her to cry.

2. The second and only other ground relied on is that the evidence does not show express malice; that accused was of sedate and deliberate mind, and was sufficiently self-possessed to comprehend the consequences of his act. Appellant in his testimony claims he was very drunk at the time he killed the woman, and did not know what he was doing. The court in his charge admirably presents this phase of the case to the jury, and they find against appellant's contention. From the standpoint of the State's testimony this was an atrocious and uncalled for murder. Appellant pursued a woman screaming for help, knocked her down, and turned her over on her back; got down on her on his knees, and stabbed her to death.

The motion for rehearing is overruled.

*Overruled.*